AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

X FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 28 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY NM _____ DEPUTY

| | |
|---|---|
| In the Matter of the Search of ) | |
| *(Briefly describe the property to be searched* ) | |
| *or identify the person by name and address)* ) | Case No. 21-1421MB |
| One Samsung Galaxy A-51 ) | |
| Model Number: SM-A151 ) | |
| IMEI:358719830321942 ) | |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Arizona_____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attahcment B-1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____10/12/2021_____
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____James F. Metcalf_____.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 9/28/2021 at 12:23pm    _____
                                                *Judge's signature*

City and state:   Yuma, AZ            Hon. James F. Metcalf, United States Magistrate Judge
                                              *Printed name and title*

## ATTACHMENT A-1
## PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 952, 960, and 963, is described below:

    One Samsung Galaxy A-51
    Model # SM-A151
    IMEI: 358719830321942


Currently in the possession of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations; Assistant Special Agent in Charge Yuma, 7431 E 30th Street, Yuma, Arizona 85365.

ATTACHMENT B-1

ITEMS TO BE SEIZED

The following evidence to be searched for and seized pertains to violations of Title 21, United States Code, Sections 952, 960, and 963:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to deliver controlled substances from Mexico to the United States;

   b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to delivery controlled substances from Mexico to the United States;

   c. tending to identify co-conspirators, criminal associates, or others involved in smuggling controlled substances from Mexico to the United States;

   d. tending to identify travel to or presence at locations, involved in the smuggling of controlled substances from Mexico to the United States, such as stash houses, load houses, or delivery points or tending to identify or exclude travel to or presence at locations described by Marco Karli in post-arrest statements;

   e. tending to identify the user of, or persons with control over or access to, the subject phone; or

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>One Samsung Galaxy A51<br>Model number: SM-A151<br>IMEI: 358719830321942 | ) ) ) ) ) ) Case No. 21-1421 MB |

FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 2 8 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY NM       DEPUTY

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of ___Arizona___ *(identify the person or describe property to be searched and give its location):* See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):* See Attachment B-1

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __21__ U.S.C. § __952, 960, 963__ , and the application is based on these facts: See Affidavit in Support of Search Warrant

☒ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

FRANK J SALCEDO  Digitally signed by FRANK J SALCEDO
Date: 2021.09.28 11:05:54 -07'00'
_____
*Applicant's signature*

Frank J. Salcedo, Special Agent, HSI
*Printed name and title*

Sworn to before me ^telephonically and signed ~~in my presence~~ electronically.

Date: 9/28/2021

_____
*Judge's signature*

City and state: Yuma, Arizona         Honorable James F. Metcalf, U.S. Magistrate Judge
*Printed name and title*

ATTACHMENT A-1
PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21, United States Code Sections 952, 960, and 963, is described below:

One Samsung Galaxy A-51
Model # SM-A151
IMEI: 358719830321942

Currently in the possession of the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations; Assistant Special Agent in Charge Yuma, 7431 E 30th Street, Yuma, Arizona 85365.

<u>ATTACHMENT B-1</u>

ITEMS TO BE SEIZED

The following evidence to be searched for and seized pertains to violations of Title 21, United States Code, Sections 952, 960, and 963:

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a. tending to indicate efforts to deliver controlled substances from Mexico to the United States;

    b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to delivery controlled substances from Mexico to the United States;

    c. tending to identify co-conspirators, criminal associates, or others involved in smuggling controlled substances from Mexico to the United States;

    d. tending to identify travel to or presence at locations, involved in the smuggling of controlled substances from Mexico to the United States, such as stash houses, load houses, or delivery points or tending to identify or exclude travel to or presence at locations described by Marco Karli in post-arrest statements;

    e. tending to identify the user of, or persons with control over or access to, the subject phone; or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF | ) ) | Case Number: |
| (1)   One Samsung Cellular Phone<br>        Model number: SM-A151<br>        IMEI:358719830321942 | ) ) ) ) ) ) | AFFIDAVIT OF SPECIAL<br>AGENT FRANK SALCEDO<br>IN SUPPORT OF SEARCH<br>WARRANT |

# AFFIDAVIT

I, Frank Salcedo, Special Agent with the United States Department of Homeland Security (hereinafter DHS), Homeland Security Investigations (hereinafter HSI), having been duly sworn, depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for a search warrant in furtherance of a narcotics smuggling investigation conducted by DHS, HSI agents for the following target property: two cellular telephones seized from defendant Alejandrina PEREZ (hereinafter PEREZ) on or about September 2, 2021. The cellular telephone is one Samsung Galaxy A-51, Model number: SM-A151, IMEI: 358719830321942, Target Telephone #1 (hereinafter TT#1).

2. TT#1 was seized from PEREZ on or about September 2, 2021, at and about the time of the arrest of Marco KARLI. It is believed that TT#1 was used by PEREZ and KARLI to communicate with co-conspirators during a drug smuggling event on September 2, 2021. PEREZ has been charged with importation of 24.06 kilograms of methamphetamine in the District of Arizona. Probable cause exists to believe that TT#1 contains evidence relating to violations of Title 21, United States Code Sections 952, 960 and 963. The specified telephones is currently in the possession of the DHS, Immigration and Customs Enforcement (hereinafter ICE), HSI; Assistant Special Agent in Charge (hereinafter ASAC), 7431 E 30th Street, Yuma, Arizona, 85365.

3. Based upon the affiant's experience and training, and all the facts and opinions set forth in this Affidavit, the affiant believes the following items will be found in the cellular telephone to be searched:

    a. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    b. tending to indicate efforts to deliver controlled substances from Mexico to the United States;

    c. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to delivery controlled substances from Mexico to the United States;

    d. tending to identify co-conspirators, criminal associates, or others involved in smuggling controlled substances from Mexico to the United States;

    e. tending to identify travel to or presence at locations, involved in the smuggling of controlled substances from Mexico to the United States, such as stash houses, load houses, or delivery points;

    f. tending to identify the user of, or persons with control over or access to, the subject phone; or

    g. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

These items may be or lead to: (1) evidence of the existence of drug trafficking in violation of Title 21, United States Code Sections 952, 960, and 963; (2) contraband, fruits of crime, or things otherwise criminally possessed; and (3) property designed or intended for use, or which is or has been used as a means of committing criminal offenses.

## EXPERIENCE AND TRAINING

4. The affiant is a Special Agent with the DHS, HSI. The affiant is an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. §§ 2510 (7). As such, the affiant is empowered to conduct investigations of, and to make arrests for offenses

enumerated in Title 18, United States Code, Section 2516. The affiant has been employed as an HSI Special Agent since August 15, 2010. Prior to that, the affiant was a Border Patrol Agent with Customs & Border Protection. The affiant has a total of approximately 17 years of law enforcement experience. The affiant has been cross-designated by the United States Drug Enforcement Administration (hereinafter DEA) to conduct controlled substances investigations and enforce provisions of the Federal Controlled Substances Act, pursuant to Title 21 of the United States Code. The affiant has received formal training in the identification of various types of controlled substances by sight and odor, the way in which controlled substances are packaged, marketed and consumed, and the effects of various drugs on human physiology. The affiant's office of assignment is the HSI Yuma, Arizona, office. The affiant has participated in investigations pertaining to the importation of controlled substances through the Andrade Port of Entry, Calexico West Port of Entry, Calexico East Port of Entry and the San Luis Port of Entry. In particular, the affiant has participated in the debriefings of multiple individuals who were apprehended at these ports of entry driving vehicles with controlled substances concealed inside. The affiant has also have consulted with other HSI special agents with experience investigating the importation of controlled substances through these ports of entry. Through these investigations, training and consultation with other HSI special agents, the affiant is familiar with the operations of illegal international drug trafficking organizations in Mexico. The affiant has conducted criminal investigations of or relating to narcotics smuggling.

     5.     The affiant is a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center. The affiant has received training in identifying various controlled substances and the conduct of controlled substances (Title 21) investigations. The affiant has spoken with other agents with extensive experience in controlled substances investigations. The affiant is assigned to conduct investigations of criminal violations relating to the smuggling and transportation of controlled substances. The affiant has personally arrested or participated in the arrest of several persons for violations of the Controlled Substances Act. In each of these cases, the affiant has conducted interviews with the arrested persons and with their associates. Through these interviews, the affiant has gained a working knowledge and insight

into the typical working of controlled substance traffickers and smugglers. The affiant has also gained extensive information as to the normal operational habits of persons who make their living as controlled substance traffickers.

6. Through the course of the affiant's training, investigations, and conversations with other law enforcement personnel, the affiant is aware that it is a common practice for narcotics smugglers to work in concert with other individuals and to do so by utilizing cellular telephones, pagers, and portable radios to maintain communications with co-conspirators in order to further their criminal activities. This is particularly true in cases involving distribution amount quantities of methamphetamine. Typically, load drivers smuggling controlled substances across the border are in telephonic contact with co-conspirators immediately prior to and following the crossing of the load vehicle, at which time they receive instructions on how to cross and where and when to deliver the controlled substance. Narcotics smugglers and their organizations use cellular and digital telephones, in part, because these individuals believe law enforcement is unable to track the originating and destination phone numbers of calls placed to and from cellular and digital telephones.

7. In preparing this affidavit, the affiant has conferred with other agents and law enforcement personnel who are experienced in the area of narcotics investigations, and the opinions stated below are shared by them. Further, the affiant has personal knowledge of the following facts, or has had them related to me by persons mentioned in this affidavit.

8. Based upon the affiant's training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics smuggling investigations, and all the facts and opinions set forth in this affidavit, the affiant submits the following:

   a. Drug smugglers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

   b. Drug smugglers believe that cellular telephones provide greater insulation and protection against court-ordered wiretaps, and they believe in the inability of law enforcement personnel to simultaneously track the originating and destination telephone numbers of calls placed to and from their cellular telephones.

c.   Drug smugglers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

d.   Drug smugglers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

e.   Drug smugglers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

f.   Drug smugglers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of Border Patrol checkpoints.

## FACTS SUPPORTING PROBABLE CAUSE

9.   On September 2, 2021, at approximately 1401 hours, Alejandrina PEREZ, a United States citizen, entered the United States at the San Luis, Arizona Port of Entry. PEREZ was the passenger of a 2008 Mazda 3 bearing Utah license plate E550XC. The driver of the vehicle was identified as Marco KARLI. The primary inspector, Customs and Border Protection Officer (hereinafter CBPO) M. Ayala received a negative oral Customs declaration from PEREZ and KARLI. PEREZ stated that their intended destination was the Walmart store located in San Luis, Arizona. CBPO Ayala referred PEREZ and the vehicle to the secondary lot for further inspection. The vehicle was scanned by the Z-Portal machine for the purpose of x-raying the vehicle. Anomalies were detected in front and rear doors, the quarter panel and the gas tank of the vehicle. Canine Enforcement Officer (hereinafter CEO) A. Prado screened the vehicle with her Human Narcotics Detection Dog and received a positive alert to the passenger side doors. CEO V. Galvez, along with CBPO B. Holder conducted an intensive search of the vehicle. Forty-eight (48) packages in total were discovered in the vehicle. Twenty-six (26) packages were found inside all four doors and the passenger side quarter panel of the vehicle. Twenty-two (22) packages were recovered from the gas tank of the vehicle. One of the packages was probed and a crystal-like substance was obtained, which field tested positive for methamphetamine. The 48

packages had a combined net weight of approximately 24.06 kilograms (53.04 pounds) of methamphetamine. During his post-arrest statements, KARLI denied knowledge of the drugs being in the vehicle. KARLI stated he knew his was messed with and was told to cross into the United States to buy some clothes. KARLI did not want to elaborate, stating that he didn't ask any questions and he wasn't told anything. KARLI stated he imagined he would be compensated but didn't know how he would be paid. KARLI stated he had control of his vehicle and the keys to his vehicle while he was in Mexico. KARLI stated he did allow someone to use his car and that he noticed it had been tampered with. KARLI refused to say whom had taken the vehicle from him. KARLI provided verbal and written consent for agents to access his cellular phone. The cellular telephones are one Samsung Galaxy A-51, Model number: SM-A151, IMEI: 354564112272213, Target Telephone #2 (hereinafter TT#2). A review of TT#2 phone data revealed the following. On May 5, 2021, at 1409 hours, KARLI, using TT#2, sent a message to TT#1 stating that he almost got to the destination. At 1416 hours, PEREZ responding using TT#1 asks how long until he gets back. At 1422 hours, KARLI states that he needs to drive the truck back and hopes to make it back across in time. At 1426 hours, KARLI informs TT#1 that he is still waiting to unload. At 1510 hours, TT#2 sent a message to TT#1 stating the mission was accomplished and he was on his way back. At 1736 hours, KARLI sent TT#1 another message stating that he parked the truck on the border. At 1755 hours, KARLI sent TT#1 another message stating they want him to keep doing it. At 1937 hours, KARLI sent TT#1 a message stating he is going to come back much richer. These messages coincide with a crossing event that KARLI had on May 5, 2021. On May 9, 2021, at 1651 hours, KARLI sent TT#1 a message that he must use his car and if he doesn't get pulled into secondary then he can use his car the following day and get paid double. PEREZ, using TT#1, responds by stating she knows that and asks how close KARLI is to crossing. KARLI sent another message to TT#1 by stating 30 minutes to an hour. At 1759 hours, TT#1 sends a message to KARLI that she is regretting a lot. At 1800 hours, KARLI sends another message to TT#1 stating that he would have dropped "this" an hour ago and come home. PEREZ, using TT#1, responds by stating too late. KARLI then states he asked her if she wanted him to "do this". KARLI had two border crossing on this day.

10. At the time of the arrest, PEREZ was in possession of TT#1. The phone was seized by U.S. Customs & Border Protection and turned over to HSI Special Agent Frank Salcedo. During her post arrest interview, PEREZ stated that TT#1 belonged to her.

11. Based upon the affiant's experience and investigation in this case, the affiant believes that PEREZ, as well as other persons yet unknown, was involved in an on-going conspiracy to import methamphetamine. Based on the affiant's experience investigating narcotics smugglers, the affiant believes that PEREZ may have used TT#1 to coordinate with co-conspirators regarding the importation and delivery of the liquid methamphetamine, and to otherwise further this conspiracy both inside and outside the United States. The affiant also knows that recent calls made and received, telephone numbers, contact names, electronic mail (email) addresses, appointment dates, text messages, pictures and other digital information are stored in the memory of cellular telephones which identify other persons involved in narcotics trafficking activities.

12. Based upon the affiant's experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, the affiant believes that information relevant to the narcotics smuggling activities of PEREZ, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures and other digital information are stored in the memory of the cellular telephones described herein.

## METHODOLOGY

13. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing.

An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the devices may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

14. Following the issuance of this warrant, the affiant will collect the subject cellular telephones and subject them to analysis. All forensic analysis of the data contained within the telephones and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

15. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

16. Based on all of the facts and circumstances described above, the affiant believes that probable cause exists to conclude that defendant PEREZ used TT#1 to facilitate the offense of importing methamphetamine. These telephones were likely used to facilitate the offenses by

transmitting and storing data, which constitutes evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 952, 960, & 963.

18. The affiant also believes that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by PEREZ continues to exist on TT#1.

19. Based upon the affiant's experience and training, consultation with other agents in narcotics investigations, consultation with other sources of information, and the facts set forth herein, the affiant knows that the items to be seized set forth <u>supra</u> are likely to be found in the property to be searched described in Attachment A-1. Therefore, I respectfully request that the Court issue a warrant authorizing the affiant, a Special Agent with HSI, or another federal law enforcement agent specially trained in digital evidence recovery, to search the items described in Attachment A-1 and seize the items listed in Attachment B-1.

The affiant swears the foregoing is true and correct to the best of the affiant's knowledge and belief.

FRANK J SALCEDO
Digitally signed by FRANK J SALCEDO
Date: 2021.09.28 11:09:12 -07'00'

Frank J. Salcedo
Special Agent, HSI

Subscribed and sworn to me telephonically this 28th day of September, 2021.

Hon. James F. Metcalf
United States Magistrate Judge

9